# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **LISA CARROLL,** | ) |
| **Plaintiff,** | ) CASE NO. 3:17-CV-463-CSC |
| v. | ) |
| | ) **JURY TRIAL REQUESTED** |
| **AUBURN UNIVERSITY,** | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Lisa Carroll, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Carroll files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, as an action arising under the act of Congress known as the Vocational Rehabilitation Act to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendants' discrimination against Plaintiff Carroll, due to her disability.

2. Plaintiff Carroll filed a charge of disability discrimination with the EEOC in Birmingham on April 26, 2017. Plaintiff has also filed a Supplemental Charge of Discrimination, alleging disability discrimination, on May 22, 2017. Plaintiff has yet to receive a right-to-sue letter on her Americans with Disabilities Act claims, but no such right to sue is necessary where a claim is made under the Vocational Rehabilitation Act,

1

which Auburn University is subject to, since it receives federal monies, thus satisfying the requirement of said Act for coverage.

3. Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

## II. PARTIES

4. The named Plaintiff, Lisa Carroll (hereinafter "Plaintiff" or "Ms. Carroll"), is a citizen of the United States and a resident of Lee County, Alabama. Plaintiff is over the age of nineteen years.

5. The named Defendant, Auburn University (hereinafter "Defendant" or "Auburn University") is an entity of the State of Alabama located in Auburn, Alabama, and was the employer of the Plaintiff at all pertinent times alleged in this complaint.

## III. STATEMENT OF FACTS

6. On or about August 24, 2014, Plaintiff began working for the Department of Clinical Sciences of the Veterinary School of Auburn University, as an Assistant 2.

7. Plaintiff's job responsibilities included carrying out physician orders, monitoring animals, and notifying physicians of any changes in animal status.

8. Even before Plaintiff began working for Auburn University Department of Clinical Science at the Veterinary School at Auburn, she was having heart problems. She had cardiac entrapment syndrome and postural orthostatic tachycardic syndrome. However, none of this interfered with Plaintiff's ability to perform all the necessary functions of her job.

9. Unfortunately, after Plaintiff began working at Auburn University, due to undue stress and pressure from her supervisor, Stephanie Pitzer, Plaintiff's heart began acting up. Plaintiff shared this fact with Ms. Pitzer, who was unimpressed and unsympathetic.

10. As time passed and Plaintiff's job progressed through 2015 and 2016, she developed another physical health issue in her shoulder and her wrist. Plaintiff has been informed by her doctor that she needed surgery on both in the future. Plaintiff shared this with Ms. Pitzer, namely her need for these future surgeries. Thereafter, Ms. Pitzer began to put undue pressure on Plaintiff, falsely accusing Plaintiff of sleeping on the job. The truth, however, was that Plaintiff did not sleep on the job.

11. Ms. Pitzer was openly unsympathetic to Plaintiff's need for future medical treatment.

12. Plaintiff also avers that Ms. Pitzer spoke badly about Plaintiff to other staff members and to other doctors whose patients Plaintiff needed to watch at night. This caused undue pressure on both of Plaintiff's health issues, especially her heart. Plaintiff tried unsuccessfully to transfer to a different department in the hospital.

13. Plaintiff is aware that at least nine other employees had difficulty with Ms. Pitzer. Two were put on administrative leave, and four left on their own accord.

14. Plaintiff avers that Ms. Pitzer perceived Plaintiff as being disabled and therefore lacking in competency due to Ms. Pitzer's perception of Plaintiff's disability, when Plaintiff was not disabled, and thus Ms. Pitzer was looking for ways to encourage Plaintiff to quit. The false accusation of sleeping was simply a pretext for Defendant's termination of Plaintiff.

15.     Plaintiff avers that she is a victim of Defendant Auburn University's violation of the Vocational Rehabilitation Act, because Auburn perceived Plaintiff as being unable to perform the necessary duties and functions of her job due to long-term physical disabilities, notwithstanding that Plaintiff was fully capable and able to perform all the essential functions of her job well.

16.     Plaintiff avers that she was placed on paid Administrative leave on April 21, 2017, due to the false allegation that she caused an "experimental cat" to die, while on her watch, with the suggestion that Plaintiff was asleep when it happened. This allegation was utterly and totally false, and Defendant Auburn University should have known the allegation was false. Nonetheless these false allegations caused Plaintiff to suffer a pervasively cold and hostile working environment. Plaintiff has suffered much mental anguish as a consequence.

17.     Plaintiff is also aware that Auburn University has heretofore discriminated against employees in its Clinical Sciences Department over other perceived disabilities, due to the misguided leadership of Stephanie Pitzer. In particular, one former colleague, Ms. Elizabeth Bingham, also filed a Disability Discrimination charge with the Equal Employment Opportunity Commission in Birmingham, Alabama, due to of Ms. Pitzer's actions towards her. On information and belief, based on Ms. Bingham's experience and Plaintiff's own, Plaintiff avers that Defendant Auburn has a pattern and practice of discrimination against employees it perceived to be suffering from disabilities.

18.     Plaintiff avers that, after she filed her EEOC charge on April 26, 2017, on that same day, Plaintiff caused her attorney to send, via email, a cover letter dated April

26, 2017 concerning her disability discrimination charge to Dr. Calvin Johnson, Dean of College of Veterinary Medicine, and to attorney Lee Armstrong, General Counsel of Auburn University.

19. Plaintiff avers that the Defendant Auburn University, acting either through Dean Johnson and/or Ms. Stephanie Pitzer, reacted immediately thereafter and although Auburn caused the notice of termination to be dated the same date, April 26, 2017, it was not postmarked until April 28, 2017, suggesting a gap in time of two days between receiving her EEOC charge on one day, and acting in retaliation by causing the letter of termination to be mailed two days later to Plaintiff. Plaintiff avers that her termination was therefore not only related to a perceived disability set forth in her first EEOC charge, but also to Defendant Auburn's retaliation against her reflected in the second EEOC charge.

### IV. PLAINTIFF'S CAUSE OF ACTION

### VIOLATION OF THE VOCATIONAL REHABILITATION ACT

20. Plaintiff avers that Defendant's discrimination against Plaintiff, due to her perceived disability, was in violation of the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 701, et. seq., prohibiting discrimination based on one's disability, or the perception thereof, notwithstanding Plaintiff's ability to perform all the necessary duties and functions of the job, as more fully further set forth in the preceding paragraphs of this Complaint.

21. Plaintiff avers that she has been damaged by the Defendant's violation of her rights under the Vocational Rehabilitation Act of 1973. Plaintiff avers that her damages have included lost income and benefits, and will include further lost income

and benefits in the future. Plaintiff has also suffered, and will continue to suffer, mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to her disability,

b) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled on her disability discrimination claim;

d) An award of punitive damages; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Lisa Carroll, Plaintiff

/s/ Julian McPhillips
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL